Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@HaywardFirm.com
**HAYWARD PLLC**
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel./fax*)

**PROPOSED COUNSEL FOR THE DEBTOR**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:** <br><br> **JBL HOSE SERVICE, LLC,** <br><br> Debtor. | **Case No. 22-30439** <br> **Chapter 11** |

**DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

NOW COMES JBL Hose Service, LLC ("JBL" or the "Debtor"), debtor-in-possession in the above captioned bankruptcy case, and files this *Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral* (the "Motion"), in support of which the Debtor would respectfully show as follows:

### I.    JURISDICTION AND VENUE

1. The Court has jurisdiction of this Motion under 28 U.S.C. § 1334, and this Motion constitutes a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

2. On March 10, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") electing treatment under Subchapter V of Chapter 11, commencing its above-styled bankruptcy case.

3. The Debtor continues to operate and manage its business as "debtor in possession" pursuant to sections 1182 and 1184 of the Bankruptcy Code. A standing Subchapter V Trustee ("Subchapter V Trustee") has yet to be appointed for this case pursuant to section 1183 of the Bankruptcy Code.

## II. BACKGROUND

4. JBL Hose Service LLC is a domestic limited liability company doing business as Texas Hose Pro. Texas Hose Pro specializes in custom fabrication of stainless steel metal hose, custom hydraulic system design, onsite repair of hydraulic systems, hydraulic hose cleaning, and oil spill services.

5. Legacy Texas Bank, FC Marketplace LLC, CHTD Company, Rojo Capital, The U.S. Small Business Administration (the "SBA"), and Iruka Capital Group LLC have each asserted liens and filed UCC financing statements with respect to the Debtor's accounts receivable, inventory, cash, and the proceeds and products of both.

6. The proceeds from the Debtor's prepetition accounts receivable constitutes cash collateral (the "Cash Collateral") pursuant to Section 363(a) of the Bankruptcy Code.

7. By this Motion, the Debtor requests (a) interim authority to use cash collateral in accordance with the terms and conditions set forth herein, the proposed budget (the "Budget") attached hereto as Exhibit A, and the proposed Order (the "Interim Order") attached as Exhibit B; (b) authority to use Cash Collateral on a final basis; and (c) the granting of adequate protection to the creditors with an alleged interest in cash collateral pursuant to Sections 361 and 363 of the Bankruptcy Code.

### III.   ARGUMENT AND AUTHORITIES

8. As noted above, certain creditors assert an interest in generally all of the Debtor's pre-petition accounts receivable. The accounts receivable may constitute cash collateral pursuant to Section 363(a) of the Bankruptcy Code.

9. The Debtor requires the use of the alleged cash collateral to continue the operation of its business and will suffer irreparable and immediate harm if it is not granted the relief requested herein. An immediate and critical need exists for the Debtor to obtain funds in order to continue operating, and without such funds, the Debtor will not be able to pay payroll and other direct operating expenses and obtain goods and services needed to carry on the business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. The Debtor's ability to use Cash Collateral is vital to the confidence of the Debtor's customers, employees, vendors, and suppliers of goods and services and to the preservation and maintenance of the going concern value of the Debtor's estate.

10. Under section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). The Debtor requires the use cash collateral to fund its day-to-day operations. Indeed, absent such relief, the Debtor's business will be brought to an immediate halt, with damaging consequences for the Debtor and its estate and creditors.

11. The Debtor's proposed Budget for the use of Cash Collateral is attached hereto as Exhibit A and is incorporated herein for all purposes. Subject to allowable variances of ten percent (10%) on a monthly basis per category, the Debtor proposes to restrict use of Cash Collateral to the items set forth in the Budget. Absent the authority to use the amounts set forth on the Budget, the Debtor will be unable to operate and successfully reorganize.

12. Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used . . . or proposed to be used . . . by [a debtor in possession], the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Section 361 of the Bankruptcy Code sets forth the forms of adequate protection which may be provided, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. What constitutes adequate protection must be decided on a case-by-case basis, though the Fifth Circuit has set forth certain criteria that should be considered, including "the value of the collateral . . . the likelihood that the collateral will depreciate or appreciate over time, whether insurance coverage is adequate, whether property taxes are being paid, and the prospects for the successful reorganization of the debtor's affairs."[1] The main focus is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use.[2]

13. As adequate protection, the Debtor proposes to provide the following adequate protection to any creditor asserting an interest in Cash Collateral to the extent of any diminution in the value of its respective collateral:

a. superpriority claims, pursuant to sections 361(2), 363(c)(2), 364(d)(1), 503(b)(1), 507(a)(2) and 507(b) of the Bankruptcy Code with such superpriority claims to be senior to all other postpetition superpriority claims, subject to a carve-out for professional fees and fees owed to the United States Trustee as shown in the budget; and

---

[1] *In re Mendoza*, 111 F.3d 1264, 1272 (5th Cir. 1997); In re Las Torres Development L.L.C, 413 B.R. 687, 697 (Bankr. S.D. Tex. 2009); *see also MNBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *Martin v. U.S. (In re Martin),* 761 F.2d 472 (8th Cir. 1985); *In re Shaw Indus., Inc.,* 300 B.R. 861, 865 (Bankr. W.D. Pa. 2003).

[2] *See In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 554 (3d Cir. 1994) ("The whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy.") (internal citations omitted).

    b.   replacement liens on the Debtor's future accounts receivable, with such liens to be subordinate only to the liens of any applicable taxing authority, and subject to a carve-out for professional fees approved by the Court.

14.    Any creditor's interest in cash collateral will be protected by the adequate protection set forth above, as the Debtor will continue to generate substantial new accounts receivable in the ordinary course of its business.

15.    Under FED. R. BANKR. P. 4001, the Court may not enter a final order granting this Motion before fourteen (14) days after service of this Motion. The Debtor therefore requests that the Court enter an interim order authorizing the use of cash collateral under FED. R. BANKR. P. 4001(b)(2) as soon as possible and then set this Motion for a final hearing.

## IV.   PRAYER

WHEREFORE, CONSIDERING THE FOREGOING, the Debtor respectfully requests that the Court enter an order granting this Motion; authorizing the Debtor to use cash collateral on the terms set forth in this Motion; and granting the Debtor such other relief to which it is entitled.

Dated: March 10, 2022.

                            Respectfully submitted,

                            **HAYWARD PLLC**

                            By: */s/ Melissa S. Hayward*
                                Melissa S. Hayward
                                Texas Bar No. 24044908
                                MHayward@HaywardFirm.com

                            10501 North Central Expy., Suite 106
                            Dallas, Texas 75231
                            (972) 755-7100 (*tel./fax*)

                            **PROPOSED COUNSEL FOR THE DEBTOR**

## **CERTIFICATE OF SERVICE**

  This is to certify that on March 10, 2022, a true and correct copy of the above and foregoing document will be served by electronic filing, email, facsimile or US Mail First Class Postage Paid to the parties on the attached service list.

               */s/ Melissa S. Hayward*
               Melissa S. Hayward